UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:20-cv-80-KDB
5:15-cr-15-KDB-DCK-1

| | |
|---|---|
| STEVEN W. CHASE, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)     **ORDER**<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* Motion Pursuant to 28 U.S.C. § 2255 and Emergency Motion for Extension of Time, (Doc. No. 1).

Petitioner was found guilty by a jury of multiple offenses and was sentenced to a total of 360 months' imprisonment followed by a life term of supervised release. (5:15-cr-15-KDB-DCK ("CR") Doc. No. 205). The Fourth Circuit Court of Appeals affirmed on March 15, 2019. United States v. Chase, 757 F. App'x 273 (4th Cir. 2019).

Petitioner placed the instant § 2255 Motion to Vacate in the prison's mailbox on June 13, 2020 and it was docketed in this Court on June 19, 2020.[1] Petitioner argues that counsel was ineffective for failing to raise a double jeopardy argument and failing to seek a lower sentence due to Petitioner's lack of criminal history, age, abuse as a child, and mental illness. Petitioner seeks a 90-day extension of time to supplement the Motion to Vacate due to lockdown due to COVID-19 that, he argues, has deprived him of access to the law library, copy machine, and typewriter.

The § 2255 Motion to Vacate is insufficient to proceed in that it has not been submitted on

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prison mailbox rule); Rule 3(d), 28 U.S.C.A. foll. § 2255 (addressing inmate filings).

1

the required form[2] and is not signed under penalty of perjury.[3] See Rule 2(b)(5), (c), 28 U.S.C.A. foll. § 2255.

The § 2255 Motion to Vacate is seriously deficient and cannot proceed. Plaintiff shall have **thirty (30) days** in which to file a superseding Amended § 2255 Motion to Vacate in accordance with this Order. See Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001). The Amended § 2255 Motion to Vacate will be subject to all applicable timeliness and procedural requirements. See generally 28 U.S.C. § 2255; Mayle v. Felix, 545 U.S. 644 (2005) (discussing relation back). Failure to comply with this Order will probably result in dismissal of this action without further notice.

**IT IS, THEREFORE, ORDERED** that Petitioner shall have **thirty (30)** days in which to file an Amended § 2255 Motion to Vacate in accordance with this Order. If Petitioner fails to file an Amend § 2255 Motion to Vacate within the time limit set by the Court, this action will be dismissed without further notice.

Signed: June 22, 2020

*/s/ Kenneth D. Bell*
Kenneth D. Bell
United States District Judge

---

[2] The Clerk of Court mailed Petitioner a copy of the § 2255 form on June 19, 2020.
[3] Petitioner only swears under penalty of perjury that he placed the Motion to Vacate in the prison mailbox on June 13, 2020. (Doc. No. 1 at 2).